UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**JEROME TURNER,**

        **Plaintiff,**

v.                                           Case No.  2:11-cv-462-FtM-99-SPC

**MICHAEL J. ASTRUE, Commissioner of
Social Security**

        **Defendant.**

_____

### ORDER

**THIS CAUSE** comes before the Court on consideration of the Magistrate Judge's Report and Recommendation (hereafter "Report and Recommendation") (Doc. 24), filed June 22, 2012, recommending that the decision of the Administrative Law Judge (hereafter "ALJ") be affirmed. Plaintiff filed his Objection to the Magistrate Judges' Report and Recommendation (hereafter "Objection") (Doc. 25) on July 5, 2012, and Defendant filed a Response (Doc. 26) on July 19, 2012. For the reasons set forth below, the Court adopts the Report and Recommendation in full.

### LEGAL STANDARDS

After conducting a careful and complete review of the findings of a Magistrate, a district judge may accept, reject, or modify the Magistrate Judge's report and recommendation. 28 U.S.C. § 636 (b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga.,

896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. REP. NO. 94-1609, at 2 (1976), reprinted in [1976] U.S. Code Cong. & Admin. News 6162).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

## DISCUSSION

Plaintiff first objects that the ALJ failed to consider the combination of his severe and non-severe impairments when proceeding with steps four and five of the process for evaluating his request for disability insurance.  Doc. 25, p. 2.

The Social Security regulations set forth a five-step, sequential evaluation process to determine whether a claimant is disabled.  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The ALJ must determine whether: (1) the claimant is engaged in substantial gainful employment; (2) the claimant has a severe impairment; (3) the severe impairment meets or equals an impairment in the Listing of Impairments; (4) the claimant has the residual functional capacity ("RFC") to perform past relevant work; and (5) in light of the claimant's RFC, age, education, and work experience, there are other jobs the claimant can perform.  Ehrisman v. Astrue, 377 F. App'x 917, 918-19 (11th Cir. 2010).  At steps three, four, and five, the ALJ considers the claimant's entire medical condition, including impairments deemed as not severe at step two.  Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987); see also 42 U.S.C. § 423(d)(2)(B) ("In determining whether . . . impairments are of sufficient medical severity . . . the Commissioner of Social Security shall consider the combined effect of all the individual's impairments . . . . If the

Commissioner . . . find[s] a medically severe combination of impairments, the combined impact of the impairments shall be considered throughout the disability determination process.").

In this case, the Court finds that the ALJ properly considered the combination of Plaintiff's impairments throughout the disability determination process. As the Report and Recommendation noted, the ALJ explicitly stated that Plaintiff's impairments were considered individually and collectively, when it determined that the impairments did not meet or equal the level of severity set forth in one of the listed impairments. Doc. 24, pp. 25-26 (citing Tr. 15). That statement and the ALJ's analysis of this issue demonstrate that the combination of Plaintiff's impairments were examined at step three of the evaluation process. See Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002) (holding that the ALJ's declaration that the combination of claimant's impairments were considered constitutes evidence that the combined effects of the impairments were considered).

The record reveals that the balance of the disability determination process was completed by considering Plaintiff's severe and non-severe impairments as a whole. Steps four and five of the evaluation ask whether the Plaintiff has the residual functional capacity to perform his prior work and whether Plaintiff's RFC, age, education, and work experience indicate that he is capable of performing other jobs in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(iv)-(v). The ALJ denied Plaintiff's claim for disability insurance after concluding that Plaintiff had the residual capacity to perform a full range of light work in the national economy. Tr. 18-19. In making this determination, the ALJ examined "all [of Plaintiff's] symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence . . . ." Id. at 15. Contrary to Plaintiff's assertion, the ALJ considered both severe and non-severe impairments, including Plaintiff's complaints of depression and memory problems. Id. at 16. In fact, the ALJ

determined that Plaintiff's impairments could "reasonably be expected to cause the alleged symptoms," and that they prevented him from meeting the demands of his past relevant work. Id. at 16, 18.  However, the ALJ ultimately found that Plaintiff could perform other work in the national economy and that his statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible and inconsistent with the assessments performed by a state agency physician and consultant. Id. at 16-18.  Accordingly, Plaintiff's claim for disability insurance was denied because the objective medical evidence did not match the Plaintiff's testimony regarding his impairments, not because of a separate consideration of his medical impairments.

Plaintiff also objects that his illiteracy was not properly considered as a mental impairment. Doc. 25, p. 4.  The Court finds that there was more than a sufficient basis to conclude that Plaintiff was literate.  The ALJ cited to a form completed by an employee of the Social Security Administration which stated that during a face-to-face interview, the examiner observed that the Plaintiff exhibited no difficulty talking, answering, reading or comprehending.  Tr. 16.  The employee's conclusions were corroborated by several, hand-written forms, signed and completed by Plaintiff, as he responded to questions about his impairments and symptoms.  Tr. 103-109. Accordingly, the record supports the findings of the ALJ on this issue.

Plaintiff's remaining objections are based on the arguments set forth in Plaintiff's Memorandum of Law in Support of the Complaint (Doc. 20) and rejected by the Magistrate's Report and Recommendation. See Doc. 24, pp. 29-36.  After a *de novo* review of the record and pleadings of the parties, the Court accepts the Report and Recommendation on the remaining issues.

Accordingly, it is hereby **ORDERED and ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge (Doc. 24) is adopted, confirmed, and approved in all respects and made a part of this order for all purposes, including appellate review.

2. The Decision of the Commissioner of Social Security is **affirmed**.

3. The Clerk of the Court is directed to terminate all pending motions, enter judgment affirming the Commissioner's decision, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, this 12th day of September, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**COPIES FURNISHED TO:**

**Counsel of Record**